Damon Shelton NAPIER, Robert Dwayne Freeman, and Jerry Leonard Cowart, Appellants,

v.

UNITED STATES of America, Appellee.

John Doward SKIPPER, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 23873, 23874.

United States Court of Appeals
Fifth Circuit.

Dec. 18, 1967.

Rehearing Denied Jan. 16, 1968.

Thomas M. Haas, Mobile, Ala., for appellants.

Vernol L. Jansen, Jr., U. S. Atty., Don Conway, Asst. U. S. Atty., Mobile, Ala., for appellee.

Before JONES and DYER, Circuit Judges, and CASSIBRY, District Judge.

DYER, Circuit Judge.

Appellants Napier, Freeman and Cowart were indicted for Dyer Act violations, 18 U.S.C.A. § 2312, and were tried together after their motions for a severance were denied. Appellant Skipper waived indictment, consented to the filing of an information, and agreed to be tried with the others. All were found guilty by a jury of knowingly transporting two stolen vehicles in interstate commerce.

On February 15 and 16, 1966, the two Chevrolet Impala automobiles described in the charges were missing from their respective owners' homes in Mobile, Alabama, under circumstances indicating that they had been stolen. Both automobiles appeared at the Four States Auto Auction in Florida the next evening, February 17, 1966.

The four appellants were ultimately questioned by agents of the Federal Bureau of Investigation and gave incriminatory statements. Each appellant contends that the statement he made to the FBI should not have been admitted into evidence because the warnings given and the interrogation procedure did not conform to the standards enunciated in Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Each objects to the admission into evidence of the serial numbers obtained by the FBI from the doorposts of the cars. Appellant Cowart complains that his confession was obtained during an unnecessary delay between his arrest and his appearance before the United States Commissioner. Appellant Freeman urges that it was illegal for the FBI agents to have taken him to the home of appellant Napier in order to give a witness the opportunity to identify him. Finally, each appellant submits that it was reversible error to deny the severance requested by Freeman, Napier and Cowart.

The trial of this case began on June 8, 1966. The Miranda decision was announced on June 13, 1966. Miranda is not applicable retroactively. Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. Therefore, appellants' reliance upon Miranda regarding the procedure by which their confessions were obtained is misplaced. Furthermore, the warning given to each of the appellants by the agents was the same as that commented upon favorably in Miranda. Miranda v. Arizona, 1966, 384 U.S. 436, 483–486, 86 S.Ct. 1602, 16 L.Ed.2d 694. We entertain no doubt that the appellants' several statements were freely and voluntarily given. The contention that the serial numbers were obtained in violation of the fourth amendment is also without merit. The FBI agents examined the serial numbers while the cars were parked on the automobile auction lot. The cars had been registered with the auction by appellant Freeman and were there solely because they were being offered for sale. The cars were in the inspection area of the lot—an area set aside so that interested persons might examine the cars before the auction began. The agents had permission from the auction lot owner to inspect any car on the property, and it may be fairly stated that by placing these cars on the auction lot Freeman at least impliedly gave permission to the public to inspect the cars. The fourth amendment prohibits only *unreasonable* searches and seizures, and we cannot say that the actions of the FBI agents under these particular circumstances were unreasonable or in any way in violation of the United States Constitution. Weaver v. United States, 5 Cir. 1967, 374 F.2d 878, 882 (dictum).

Appellant Cowart was arrested by county police of Mobile County, Alabama, at the request of the FBI approximately a week after the cars were discovered. He was arrested at 11:00 P.M. on February 23rd but was not taken before the U.S. Commissioner until the next afternoon. Early in the morning of February 24th two FBI agents met

with Cowart in the county jail. The agents advised him of his rights, and after a short discussion Cowart told the agents that he didn't want to talk any more. The agents promptly terminated the interview and left the jail. In the early afternoon they received a call from the sheriff's office and were told that Cowart wanted to talk to them. The agents returned to the jail and again advised Cowart of his rights. Cowart then made the incriminating statements. Cowart charges that the delay in presenting him before the Commissioner brings him within the rule of Mallory v. United States, 1957, 354 U.S. 449, 1 L.Ed.2d 1479. That case was decided on the basis of its peculiar facts which find no parallel here. There Mallory was arrested in the early afternoon while there was ample time to find a committing magistrate; he was questioned for hours, made to take a lie-detector test; and never informed of his right to counsel or of his right to remain silent. Here Cowart was repeatedly advised of his rights; the machinery to bring him before the Commissioner had been set in motion; and he himself requested that the FBI agents be summoned so he could make a statement. In this situation the delay was not unreasonable and the evidence was more than sufficient to support a finding that the confession was made voluntarily.

Freeman's claim that his fifth amendment privilege against self incrimination was violated in that he was "tricked or coerced into accompanying the agents" to Napier's apartment is unavailing because there is nothing in the record to indicate that this was other than a completely voluntary act on his part. The final claim of error, that the district court refused to grant a severance, is equally without merit. A motion for severance is addressed to the sound discretion of the trial court and denial of such a motion is not error unless there is clear abuse of discretion. Garcia v. United States, 5 Cir., 1963, 315 F.2d 679. The district court's careful instructions repeatedly given to the jury and patient concern for the rights of these defendants throughout the long trial reveal no abuse of discretion.

Affirmed.